# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUELINE HUTTON *AND* DANIEL HUTTON,<br>　　　　Plaintiffs,<br><br>　　　v<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>　　　　Defendant. | )<br>)<br>)<br>) 2:10-cv-1730<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR REMAND (Document No. 7) filed by Plaintiffs. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a brief in opposition to the motion and it is ripe for disposition.

On January 19, 2009, Plaintiff Jacqueline Hutton was a passenger in a car operated by Crystal Rattay which collided with a vehicle operated by Anita Posner. Jacqueline Hutton alleges that she suffered serious and permanent injuries. In October 2009, Plaintiffs filed a lawsuit against Ms. Posner in the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court"). Posner joined Rattay as a Defendant. Both drivers have denied liability and have alleged that the other driver was solely responsible for the accident. Trial is scheduled to commence in State Court in March 2011.

On November 17, 2010, Plaintiffs filed a separate State Court lawsuit relating to this accident against their personal automobile insurance company, State Farm. Plaintiffs assert claims for breach of contract, in that State Farm allegedly failed to pay Plaintiffs' underinsured motorist claim of $100,000, and bad faith pursuant to 42 Pa.C.S.A. § 8371. State Farm was

served with the Complaint on November 23, 2010. On December 22, 2010, State Farm filed a timely Notice of Removal to this Court.

The allegations of the Complaint establish that diversity jurisdiction is proper in this Court. Plaintiffs are citizens of Pennsylvania, State Farm is an Illinois corporation, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332, 1441. Indeed, Plaintiffs do not contend that the removal was improper or that this Court lacks subject-matter jurisdiction over this case. Instead, Plaintiffs argue that this case should be remanded "in the interests of judicial economy," so that it may be consolidated with the State Court case against Ms. Posner and Ms. Rattay.

As State Farm correctly points out, "judicial economy" is not a valid basis for remanding a case. To the contrary, Defendant has a legal right under the removal statute to proceed in this forum, and the Court has a legal duty to exercise its jurisdiction to preside over this case. *See Thermotron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976), *abrogated on other grounds, Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706 (1996); *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128-29 (3d Cir. 1998). In *Tucker v. Whitaker Travel, Ltd.*, 620 F.Supp. 578 (E.D. Pa. 1985), the Court rejected a motion to remand a similar personal injury case, so that it could be consolidated with a companion case in state court. The Court explained: "defendants have exercised their right to remove, and I cannot deprive them of a federal forum simply because remand to state court may promote judicial efficiency." *Id*. at 583. The same result is required in this case.

In accordance with the foregoing, it is ORDERED, ADJUDGED and DECREED that the MOTION FOR REMAND (Document No. 7) filed by Plaintiffs is **DENIED** in all respects, this 13th day of January, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Todd Berkey, Esquire**
Email: tberkey@edgarsnyder.com

**Daniel L. Rivetti, Esquire**
Email: drivetti@rlmlawfirm.com
**Kathleen A. Segmiller, Esquire**
Email: kas@segmend.com
**Mark A. Martini, Esquire**
Email: mmartini@rlmlawfirm.com